THOMAS J. DUNBAR *vs.* BOARD OF ALDERMEN OF THE CITY OF BOSTON.

Intoxicating liquors of domestic manufacture, not kept for illegal sale, are subject to taxation under the Gen. Sts. c. 11, § 2.

PETITION for a writ of *certiorari* to the aldermen of Boston to reverse their refusal, on appeal from the assessors of Boston, to abate a tax assessed in 1866 upon that portion of the property

of the petitioner (who was a liquor dealer) which consisted of liquors of domestic manufacture. The petition alleged that, in returning his statement, under oath, of his personal property, to the assessors, in June 1866, he included, among other things, "goods, wares and merchandise," to the amount of $53,000; that, of this amount, $45,272.23 were represented by intoxicating liquors of domestic manufacture, in packages of various kinds, of that nominal value; and that the assessors proceeded to lay a tax on these liquors, which was the tax sought to be abated. The answer admitted these facts; and justified the refusal of the respondents, on the ground of the legality of the assessment. The case was heard and reserved' by *Colt*, J., on the petition and answer, for the determination of the full court.

*C. S. Lincoln*, for the petitioner. The petitioner has in fact no power to sell these liquors, and the same statute which prohibits their sale declares them a nuisance. Gen. Sts. c. 86, § 60. The element of property essential to subject them to taxation — value — is thus destroyed. Gen. Sts. c. 11, § 24. If liquors of domestic manufacture are ever to be regarded as taxable property, it must be on the presumption that they may be lawfully sold by the taxpayer; but the presumption in this case is to the contrary. Besides, the tax could not be enforced by seizure and sale of the taxed property. *Ingalls* v. *Baker*, 13 Allen, 449.

*J. P. Healy & C. H. Hill*, for the respondents. All property not expressly exempted is subject to taxation. Gen. Sts. c. 11, § 2. Intoxicating liquors are property, under the Gen. Sts.; are entitled to protection as property; *Commonwealth* v. *Coffee*, 9 Gray, 139; *Brown* v. *Perkins*, 12 Gray, 89; and are not ex·pressly exempted. The case is distinguishable from *Ingalls* v. *Baker*, 13 Allen, 449, for, though nothing may be taken on execution which the officer cannot sell, yet many things are liable to be taxed which cannot themselves be sold for nonpayment of the taxes. See Gen. Sts. c. 11, § 5; c. 12, § 7.

CHAPMAN, C. J. The liquors which were taxed were property, and the law protected them as such. An action might be maintained by the owner against one who should tortiously take

them from him. *Ingalls* v. *Baker*, 13 Allen, 449. They were not a nuisance unless kept for sale illegally. Gen. Sts. *c.* 86, § 60. The petitioner does not allege that he kept them for sale. As personal property, they were taxable by the Gen. Sts. *c.* 11, § 2.                                            *Petition dismissed.*